**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| GROHS,<br><br>    Plaintiff,<br><br>v.<br><br>YATAURO, et al.,<br><br>    Defendants. | Civil Action No.<br><br>2:12-CV-00905-SDW-SCM<br><br>**OPINION AND ORDER ON DISCLOSURE OF DOCUMENTS WITHHELD BY DEFENDANTS** |

STEVEN C. MANNION, United States Magistrate Judge:

Now before the Court is the informal motion by Plaintiff Steven Grohs ("Mr. Grohs") for an order compelling the production of discovery and the informal cross-motion by Defendants Gary Lanigan ("Mr. Lanigan") and Meg Yatauro ("Ms. Yatauro") for a protective order. Upon consideration of the parties' submissions and for the reasons set forth herein, the motion to compel is **granted** and the cross-motion for a protective order is **granted in part**.

I.   BACKGROUND AND PROCEDURAL HISTORY

   A. Factual Background

This case is brought by Mr. Grohs against Mr. Lanigan and Ms. Yatauro for living conditions at New Jersey's Special

1

Treatment Unit located in Avenel, New Jersey.[1]  Mr. Lanigan serves as the Commissioner and head of the Department of Corrections.[2]  Ms. Yatauro serves as the Administrator and head of the Special Treatment Unit.[3]

The facility consists of two separate buildings designated as the Main Unit (individual cells) and the Annex (open-bay dormitories). . . . "[4]  Mr. Grohs has been housed in both buildings.[5]  The heat and hot water for the facility is supplied from a steam generating plant at another facility.[6]  "[W]hen the heat is activated the hot water becomes inadequate for residents' use.  At all pertinent times there has been an ongoing and persistent issue of an inadequate hot water supply for showering purposes at the Special Treatment Unit.  Hot water temperatures at the Special Treatment Unit rarely exceed 73 degrees and is more often colder.  When the water does exceed 73 degrees it only remains so for about 35 seconds, and then fluctuates between cold and freezing cold through the duration

---

[1] (*See generally* ECF Docket Entry ("D.E.") 73).

[2] (*Id.* at ¶ 2.4).

[3] (*Id.* at ¶ 2.3).

[4] (*Id.* at ¶ 3.2).

[5] (*Id.*).

[6] (*Id.* at ¶ 3.3).

of any timed shower."[7] In addition, the shower room is poorly insulated and the air temperature is often too cold as well.[8]

### B. Procedural History

Mr. Grohs filed his complaint on February 14, 2012 against Mr. Lanigan and Ms. Yatauro.[9] Mr. Lanigan and Ms. Yatauro answered the complaint on December 4, 2013.[10] An Amended Complaint was filed on May 29, 2015 and answered on July 8, 2015.[11]

On March 9, 2015, the Court entered an amended scheduling order ("Scheduling Order").[12] The Scheduling Order prescribed the timing for the parties to serve and respond to interrogatories, document demands, and requests for admissions in accordance with Federal Rules of Civil Procedure 33, 34, and 36, respectively.[13]

On October 2, 2015, Mr. Grohs made an informal motion to compel discovery from Mr. Lanigan and Ms. Yatauro.[14] Mr. Grohs

---

[7] (*Id.* at ¶ 3.4).

[8] (*Id.* at ¶ 3.5(a)).

[9] (D.E. 1).

[10] (D.E. 31).

[11] (D.E. 73, 75).

[12] (D.E. 69).

[13] (*Id.* at ¶ 2).

[14] (D.E. 83).

complained that he served discovery demands on April 24, 2015, but Mr. Lanigan and Ms. Yatauro did not timely respond.[15] So, counsel met and conferred on July 23, 2015 to resolve the outstanding discovery disputes. "Following that conference, on August 3, 2015, the parties submitted a joint letter to [the] Court memorializing their agreement that, among other things, Defendants would produce responsive documents on or before September 15, 2015."[16]

Mr. Lanigan and Ms. Yatauro did not comply and their counsel sought additional time to respond.[17] On October 1, 2015, Mr. Lanigan and Ms. Yatauro again sought additional time to respond.[18] Mr. Lanigan and Ms. Yatauro followed that request with another request seeking an additional 14-day extension.[19]

On October 5, 2015, the Court granted Mr. Grohs' informal motion to compel responses to discovery. Mr. Lanigan and Ms. Yatauro were required to respond to all outstanding discovery by October 23, 2015.[20] Mr. Lanigan and Ms. Yatauro were further

---

[15] (*Id.*).

[16] (*Id.*).

[17] (*Id.*).

[18] (*Id.*).

[19] (D.E. 82).

[20] (D.E. 86 at ¶ 2).

warned by the Court that "any objections based upon `confidential' information must be properly supported with citations to the applicable legal authority."[21]

Mr. Lanigan and Ms. Yatauro then requested a one-week extension.[22] Mr. Lanigan and Ms. Yatauro produced some document discovery, but alleged that their searches were hampered by employee vacations.[23] Mr. Lanigan and Ms. Yatauro stated that a complete production would be made by November 20, 2015.[24]

Mr. Lanigan and Ms. Yatauro were ordered to propose a discovery confidentiality order by November 16, 2015.[25] Mr. Lanigan and Ms. Yatauro were also given an extension to produce by November 25, 2015.[26]

Mr. Lanigan and Ms. Yatauro filed a proposed discovery confidentiality order on November 16, 2015.[27] Two days later, they filed a more restrictive proposed discovery confidentiality

---

[21] (*Id.*).

[22] (D.E. 87).

[23] (D.E. 88).

[24] (*Id.*).

[25] (D.E. 89 at ¶ 1).

[26] (*Id.* at ¶ 2).

[27] (D.E. 90).

order.[28]   Mr. Lanigan and Ms. Yatauro contend that their new proposal tracks Appendix S, with the "exception . . . that . . . paragraphs 4d, 5, and 6, prohibit disclosure of the documents to the plaintiff or any other inmate or former inmate of the prison system."[29]

## II.  DISCUSSION

### A.  § 636, Magistrate Judge Authority

Magistrate judges are authorized by 28 U.S.C. § 636(b)(1)(A) to decide any non-dispositive motion designated by the Court. This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[30]   This District has further provided in Local Civil Rule 37.1 that discovery disputes are to be brought to the magistrate judge on an informal basis.  Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[31]

### B.  Fed.R.Civ.P. 26(b)(1), Liberal Policy

The Federal Rules of Civil Procedure set forth "a liberal policy for providing discovery."[32]   Federal Rule of Civil

---

[28] (D.E. 92).

[29] (D.E. 92-2).

[30] L.Civ.R. 72.1(a)(1).

[31] 28 U.S.C. § 636(b)(1)(A).

[32] *Jones v. DeRosa*, 238 F.R.D. 157, 163 (D.N.J. 2006).

Procedure 26 defines the bounds of relevant discovery.[33] Pursuant to subparagraph (b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[34] The Federal Rules of Civil Procedure "allow broad and liberal discovery."[35] Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."[36]

Mr. Lanigan and Ms. Yatauro have gathered documents they believe to be relevant and responsive to Mr. Grohs' discovery requests. Mr. Lanigan and Ms. Yatauro have withheld production of the documents, requesting entry of a discovery confidentiality order that exceeds the restrictions prescribed by Appendix S before their production.

Defense counsel certified that "[t]he following documents have been or are anticipated to be requested by plaintiff during the course of discovery and without waiving any privileges or immunities if produced: various corrections policies, budgets,

---

[33] Fed.R.Civ.P. 26.

[34] Fed.R.Civ.P. 26(b)(1).

[35] *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999).

[36] *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 497 (D.N.J. 2004).

maintenance work orders, invoices for services performed, complaints about the heating system and hot water system, and potentially, personnel records of defendants and other employees."[37] Mr. Lanigan and Ms. Yatauro did not, however, produce a privilege log or any document that properly describes the documents for which protection is sought and the basis for their protection.[38]

The Court will take Mr. Lanigan and Ms. Yatauro at their word and presume without deciding that the documents are relevant to the claims and defenses asserted in this litigation. From there, however, "[d]efendants must demonstrate to the court that their relevancy is outweighed by the specific harm that would ensue from their disclosure . . . ."[39] That burden has not been met here.

Mr. Lanigan and Ms. Yatauro merely generalize that,

> The Department simply can't anticipate when a particular piece of information may break one of the links of the security system that insures peace and compliance in its institutions. If the recent terrorist events show anything, it is that seemingly innocuous information can become deadly if it falls into the wrong hands. It goes

---

[37] (D.E. 92 at ¶ 4).

[38] What constitutes a proper privilege log entry was discussed in *Memory Bowl v. N. Pointe Ins. Co.*, 280 F.R.D. 181, 187 (D.N.J. 2012).

[39] *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1212 (D.N.J. 1996).

> without saying that inmates are the wrong hands. For this reason, the Department of Corrections requests that the plaintiff be denied access to the disclosed documents.[40]

The Court understands the State's policy concerning the confidentiality of internal affairs documents and certain documents which concern blueprints or diagrams of detention facilities, also the sensitivity of certain personnel records. However, while Mr. Lanigan and Ms. Yatauro were seeking extension after extension, their time could have been used more efficiently to catalog the responsive documents, produce a privilege log (or its confidentiality equivalent), and then seek a protective order, but they did not. Mr. Lanigan and Ms. Yatauro only requested a protective order at the thirteenth hour and still failed to produce a certification from Ms. Yatauro (i.e., the ranking detention facility official) to support their arguments.

Mere citation to state policies and "broad conclusions of harm are insufficient to meet the defendants' burden of proving that the withheld documents are protected . . ." from disclosure.[41] If it were, the policies driving civil rights legislation could be thwarted anytime state or local officials

---

[40] (D.E. 92-2).

[41] *Torres*, 936 F. Supp. at 1213.

determined what evidence was discoverable in cases brought to review their actions.[42]

Mr. Lanigan and Ms. Yatauro are therefore ordered to immediately produce all responsive discovery subject to the discovery confidentiality order signed today and as modified below.

An appropriate Order follows.

## ORDER

IT IS on this Monday, November 30, 2015,

1. **ORDERED** that Mr. Grohs' motion to compel is granted again and Mr. Lanigan and Ms. Yatauro's motion for a protective order is granted in part and denied in part; and it is further

2. **ORDERED** that all responsive documents shall be produced by Mr. Lanigan and Ms. Yatauro to Mr. Grohs' counsel immediately and subject to the DCO as modified here; and it is further

3. **ORDERED** that documents marked confidential may be shown to Mr. Grohs by his counsel to the extent necessary to prosecute his claims, but shall be retained by his counsel

---

[42] *Id.*

as provided for in the DCO.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/30/2015 2:13:47 PM

Original: Clerk of the Court
cc: All parties
    File

11